**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Ariel R. Herrera, | Case No. 3:26-cv-00084-PDW-ARS |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT** |
| Doosan Bobcat North America, Inc. d/b/a Bobcat Company, | |
| Defendant. | |

Defendant Doosan Bobcat North American, Inc., d/b/a Bobcat Company ("Defendant") for its Answer to Plaintiff's Complaint, denies each and every allegation contained in Plaintiff's Complaint unless expressly admitted herein, and states with knowledge on behalf of its own acts, and upon information and belief with respect to all others, as follows:

## I.   NATURE OF THE ACTION

1.   Answering Paragraph 1 of the Complaint, Defendant admits Plaintiff brought claims of violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the North Dakota Human Rights Act. To the extent that this Paragraph contains legal conclusions, no responsive pleading is required.

2.   Answering Paragraph 2 of the Complaint, Defendant admits Plaintiff alleges Defendant discriminated against her because of her sex, sexual orientation, and disability, subjected her to a hostile work environment, failed to provide reasonable accommodations, and retaliated against her for opposing discrimination and requesting accommodations. To

the extent this Paragraph contains additional allegations, Defendant denies the same and hold Plaintiff to her strictest burden of proof.

## II.    JURISDICTION AND VENUE

3.    Answering Paragraph 3 of the Complaint, for the purposes of this litigation only, Defendant admits that this Court has jurisdiction over Plaintiff's claims. To the extent this Paragraph contains additional allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

4.    Answering Paragraph 4 of the Complaint, for the purposes of this litigation only, Defendant admits that this Court has jurisdiction over Plaintiff's claims. To the extent this Paragraph contains additional allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

5.    Answering Paragraph 5 of the Complaint, for the purposes of this litigation only, Defendant admits that the United States District Court for the District of North Dakota is the proper venue for this action. To the extent this Paragraph contains additional allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

## III.   PARTIES

6.    Answering Paragraph 6 of the Complaint, Defendant is without knowledge or sufficient information to admit or deny whether Plaintiff is a Minnesota resident, and therefore denies the same and holds Plaintiff to her strictest burden of proof. Defendant admits it employed Plaintiff as a machinist at its Wahpeton, North Dakota facility. To the

extent this Paragraph contains additional allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

7.     Answering Paragraph 7 of the Complaint, this Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

## IV.     ADMINISTRATIVE EXHAUSTION

8.     Answering Paragraph 8 of the Complaint, Defendant states that to the extent this Paragraph references a written document, the document speaks for itself and any characterization inconsistent therewith is denied.

9.     Answering Paragraph 9 of the Complaint, Defendant states that to the extent this Paragraph references a written document, the document speaks for itself and any characterization inconsistent therewith is denied.

10.     Answering Paragraph 10 of the Complaint, Defendant states that to the extent this Paragraph references a written document, the document speaks for itself and any characterization inconsistent therewith is denied.

11.     Answering Paragraph 11 of the Complaint, this Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

## V.    FACTUAL ALLEGATIONS

12.    Answering Paragraph 12 of the Complaint, Defendant admits.

13.    Answering Paragraph 13 of the Complaint, Defendant admits that Plaintiff is a woman. Defendant is without knowledge or information sufficient to admit or deny whether Plaintiff is gay, and therefore denies the same and holds Plaintiff to her strictest burden of proof. By way of further response, this Paragraph also contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains other factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

14.    Answering Paragraph 14 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations, and therefore denies the same and holds Plaintiff to her strictest burden of proof.  By way of further response, this Paragraph also contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains other factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

15.    Answering Paragraph 15 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

16.    Answering Paragraph 16 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

17.    Answering Paragraph 17 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

18.    Answering Paragraph 18 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

19.    Answering Paragraph 19 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

20.    Answering Paragraph 20 of the Complaint, Defendant is without knowledge or information sufficient to admit or deny the allegations, and therefore denies the same and holds Plaintiff to her strictest burden of proof.

21.    Answering Paragraph 21 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

22.    Answering Paragraph 22 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

23.    Answering Paragraph 23 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

24.    Answering Paragraph 24 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

25.    Answering Paragraph 25 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

26.    Answering Paragraph 26 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

27.    Answering Paragraph 27 of the Complaint, Defendant states that to the extent this Paragraph references a written document, the document speaks for itself and any characterization inconsistent therewith is denied. To the extent that this Paragraph contains

5

additional factual allegations, Defendant is without knowledge or information sufficient to admit or deny the allegations, and therefore denies the same and holds Plaintiff to her strictest burden of proof.

28. Answering Paragraph 28 of the Complaint, Defendant admits that it accommodated Plaintiff's medical restrictions.

29. Answering Paragraph 29 of the Complaint, Defendant states that to the extent this Paragraph references a written document, the document speaks for itself and any characterization inconsistent therewith is denied.

30. Answering Paragraph 30 of the Complaint, this Paragraph contains legal conclusions to which no responsive pleading is required. To the extent that this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

31. Answering Paragraph 31 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

32. Answering Paragraph 32 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

33. Answering Paragraph 33 of the Complaint, this Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

34. Answering Paragraph 34 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

35. Answering Paragraph 35 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

36. Answering Paragraph 36 of the Complaint, this Paragraph contains legal conclusion to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

37. Answering Paragraph 37 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

## VI.    CLAIMS FOR RELIEF

### COUNT I

**Sex and Sexual Orientation Discrimination Title VII and North Dakota Human Rights Act**

38. Defendant reincorporates each and every paragraph of this Answer as if fully set forth herein.

39. Answering Paragraph 39 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

40. Answering Paragraph 40 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph

contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

## COUNT II

### Hostile Work Environment Title VII and North Dakota Human Rights Act.

41. Defendant reincorporates each and every paragraph of this Answer as if fully set forth herein.

42. Answering Paragraph 42 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

43. Answering Paragraph 43 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

44. Answering Paragraph 44 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

45. Answering Paragraph 45 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

## COUNT III

### Retaliation Title VII and North Dakota Human Rights Act.

46.     Defendant reincorporates each and every paragraph of this Answer as if fully set forth herein.

47.     Answering Paragraph 47 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

48.     Answering Paragraph 48 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

49.     Answering Paragraph 49 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

## COUNT IV

### Disability Discrimination and Failure to Accommodate ADA and North Dakota Human Rights Act.

50.     Defendant reincorporates each and every paragraph of this Answer as if fully set forth herein.

51.     Answering Paragraph 51 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

52.     Answering Paragraph 52 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

53.     Answering Paragraph 53 of the Complaint, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

54.     Answering Paragraph 54 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

## COUNT V

### Retaliation ADA and North Dakota Human Rights Act.

55.     Defendant reincorporates each and every paragraph of this Answer as if fully set forth herein.

56.     Answering Paragraph 56 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

57.     Answering Paragraph 57 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph

10

contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

58.    Answering Paragraph 58 of the Complaint, the Paragraph contains legal conclusions to which no responsive pleading is required. To the extent this Paragraph contains factual allegations, Defendant denies the same and holds Plaintiff to her strictest burden of proof.

## VII.    PRAYER FOR RELIEF

59.    Defendant denies that Plaintiff is entitled to any damages or relief as requested and avers Defendant is not liable to Plaintiff under any legal theory, including those asserted in the Complaint. Insofar as Plaintiff's request for judgment, damages or other requests contain factual allegations requiring a response, Defendant denies the allegations in their entirety.

## VIII.  JURY DEMAND

60.    Defendant denies any factual allegations contained in the language below the section titled "JURY DEMAND" set forth in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following additional affirmative and other defenses:

1.    Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted or for which the damages sought may be awarded.

2.    Plaintiff's alleged damages, if any, were the result of actions or inactions for which Defendant were not the direct or proximate cause.

11

3.      Plaintiff's claims, in whole or in part, may be limited and/or barred by the doctrines of preemption and/or duplicative remedies.

4.      Plaintiff's complaint is barred, in whole or in part, by the applicable statute of limitations.

5.      Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

6.      Plaintiff caused and contributed to the alleged acts and omissions that form the basis of the Complaint.

7.      Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

8.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

9.      At all times pertinent herein, Plaintiff did not have a disability within the meaning of 42 U.S.C. § 12102 (2), nor was Plaintiff perceived by Defendant as having a disability, and therefore Plaintiff has no standing to initiate this action and no right to any relief under the ADA.

10.     Plaintiff is barred from seeking compensatory and punitive damages because Defendant made good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation that would provide such individual with an equally effective opportunity.

11.     To the extent Plaintiff may be a qualified individual with a disability, Defendant avers that it met any obligations to engage in an interactive process with Plaintiff to identify reasonable accommodations.

12

12.    Plaintiff could not be reasonably accommodated within the meaning of Section 102 of the ADA, 42 U.S.C. § 12112.

13.    Any alleged harassment did not result in a tangible or adverse employment action.

14.    Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot demonstrate severe and pervasive conduct that altered the terms and conditions of Plaintiff's employment.

15.    Plaintiff did not engage in protected conduct within the meaning of Title VII, the ADA, and the North Dakota Human Rights Act.

16.    Any action taken by Defendant with respect to Plaintiff's employment was done for legitimate, non-retaliatory reasons unrelated to any alleged protected activity.

17.    All damages claimed by Plaintiff, whether compensatory, actual, equitable, attorneys' fees, or otherwise, are subject to all statutory exclusions and limitations set forth in the applicable statute(s).

18.    Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful behavior, and Plaintiff unreasonably failed to take advantage of available preventative or corrective opportunities or to avoid harm otherwise.

19.    Defendant's policies, practices, actions, and decisions with respect to Plaintiff were at all times based on good faith, legitimate, non-discriminatory, and lawful reasons and justifications.

13

20. To the extent any liability against Defendant is determined to exist, such liability, if any, is several only and not joint.

21. Plaintiff's claims for monetary relief and damages, the entitlement to which is expressly denied, are barred, in whole or in part, to the extent Plaintiff failed to mitigate her damages.

22. Plaintiff's alleged damages, if any, were caused, aggravated, exacerbated, or contributed to by the conduct or failure to act of third-parties or entities over whom Defendant had no control.

23. Defendant, at no time, engaged in unlawful conduct intentionally, with malice, and/or with reckless disregard to Plaintiff's statutory rights or rights created by common law.

24. Defendant asserts it may have further additional affirmative defenses, the nature of which cannot be determined until Defendant has the opportunity to engage in discovery. Defendant reserves the right to assert further defenses as appropriate.

**WHEREFORE**, Defendant's prayer for judgment against Plaintiff as follows:

a. Dismissal of Plaintiff's Complaint in its entirety and with prejudice;

b. Denial of each and every request for damages, equitable relief, and any and all other relief prayed for and otherwise described in the Complaint;

c. Awarding Defendant its reasonable costs and attorneys' fees incurred in this action as permitted by law; and

d. For such other and further relief as this Court deems just and proper.

14

Dated: April 20, 2026                    **JACKSON LEWIS P.C.**


                                         *s/ Jennifer Zwilling*
                                         Jennifer Zwilling (ND #10040)
                                         Nicholas DeMaris (*Pro Hac Vice pending*)
                                         150 South Fifth Street, Suite 3500
                                         Minneapolis, Minnesota   55402
                                         Phone: (612) 341-8131
                                         Jennifer.Zwilling@jacksonlewis.com
                                         Nick.DeMaris@jacksonlewis.com

                                         **ATTORNEYS FOR DEFENDANT**

15

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

*s/ Jennifer Zwilling*

4938-2198-2882, v. 1

16